PHILLIP A. TALBERT
United States Attorney
MICHAEL B. BECKWITH
MATTHEW M. YELOVICH
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:16-CR-0145 MCE |
|---|---|
| Plaintiff, | STIPULATION REGARDING TRIAL DATES, MOTION SCHEDULE, AND EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER |
| v. | |
| STEPHEN J. DOUGAN, | |
| Defendant. | DATE: July 27, 2017<br>TIME: 10:00 a.m.<br>COURT: Hon. Morrison C. England, Jr. |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for status on July 27, 2017.

2. By this stipulation, the parties now jointly move to (1) vacate the July 27, 2017 status conference, (2) set a trial date of July 9, 2018, (3) set a pretrial motions deadline of February 1, 2018, (4) set a trial confirmation hearing on May 31, 2018, and (5) exclude time between July 27, 2017, and July 9, 2018, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

   a) The discovery associated with this case includes investigative reports and related documents, accounting and bank records, tax filings, and other relevant documents, totaling 54,939 pages. All of this discovery has been produced directly to counsel for the defendant.

      b)      The parties believe that setting a trial date in this matter is appropriate at this time. If defense counsel proceeds to trial in an unrelated federal case, <u>United States v. Sonovich</u>, Case No. 14-cr-23 GEB, in May 2018, the government agrees not to oppose any request for a continuance of the <u>Dougan</u> trial by defense counsel in order to allow defense counsel adequate time to prepare. The parties anticipate any such requested continuance will not exceed 60 days.

      c)      Counsel for the defendant desires additional time to investigate the case, discuss potential pre-trial motions with his client, conduct additional legal and factual research, and review and analyze the voluminous discovery in this matter. Given the large number of documents in this case and the nature of the charges, defense counsel believes that an exclusion of time through the first day of trial is justified by his need to prepare adequately for trial.

      d)      Counsel for the defendant believes that failure to grant the above-requested exclusion of time under the Speedy Trial Act would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

      e)      The government joins in the request.

      f)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

      g)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, <u>et seq.</u>, within which trial must commence, the time period of July 27, 2017 to July 9, 2018, inclusive, is deemed excludable pursuant to 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.      In order to conserve judicial resources, the parties further stipulate that setting a motions schedule for any pretrial motions (other than motions <u>in limine</u>) is appropriate at this time. Accordingly, the parties request that the Court adopt the following pretrial motions schedule: all pretrial motions shall be due on or before February 1, 2018; any opposition by the nonmoving party shall be due on or before February 15, 2018; and the moving party's reply shall be due on or before February 22, 2018.

5. Finally, the parties request that this Court set a trial confirmation hearing for May 31, 2018.

6. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.  For example, the filing of pretrial motions may independently exclude time in this case prior to their prompt disposition, per Local Code E.

IT IS SO STIPULATED.

Dated:  July 21, 2017                               PHILLIP A. TALBERT
                                                    United States Attorney


                                                    /s/ MATTHEW M. YELOVICH
                                                    MICHAEL B. BECKWITH
                                                    MATTHEW M. YELOVICH
                                                    Assistant United States Attorneys


Dated:  July 21, 2017                               /s/ PATRICK K. HANLY
                                                    PATRICK K. HANLY
                                                    Counsel for Defendant
                                                    STEPHEN J. DOUGAN


**ORDER**

IT IS SO ORDERED.

Dated:  July 24, 2017

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT

3