McGREGOR W. SCOTT
United States Attorney
MICHAEL M. BECKWITH
MATTHEW M. YELOVICH
AMY S. HITCHCOCK
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:16-CR-145 MCE |
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER |
| v. | |
| STEPHEN J. DOUGAN, | |
| Defendant. | |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. On July 25, 2017, this matter was set for jury trial on July 9, 2018. By court order, the time period of July 27, 2017 through July 9, 2018 was deemed excluded for the purpose of computing time within which trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161, *et seq*.

2. On March 15, 2018, following a motion by the government, the Court ordered the jury trial advanced by one week, to begin on July 2, 2018.

3. On May 17, 2018, the Court held a trial confirmation hearing, at which time the parties confirmed for trial and agreed upon a schedule for all pretrial filings.

4. On May 24, 2018, the Court issued a minute order vacating the jury trial set for July 2, 2018, and reset it for January 7, 2019 ("May 24, 2018 Minute Order"). The next day, the government

filed a Motion for Reconsideration of the May 24, 2018 Minute Order. The defendant filed a Non-Opposition to the May 24, 2018 Minute Order.

5. On June 7, 2018, the Court held hearing on the government's Motion for Reconsideration, at which time defense counsel represented that, in reliance on the Court's May 24, 2018 Minute Order, he had stopped preparing for a July 2, 2018 trial and could no longer be prepared for a July 2, 2018 trial date. The Court granted the government's Motion for Reconsideration and then denied the government's request, stating, among other reasons, that defense counsel could no longer reasonably be ready for a July 2, 2018 trial, and proceeding with such a date would lead to ineffective assistance of counsel.

6. By this stipulation, the parties now move to (1) set trial in this matter for January 7, 2019; (2) set a trial confirmation hearing on November 8, 2018; and (3) exclude time between the date of this stipulation and November 8, 2018, under Local Codes T2 and T4. The parties further request that this proposed order setting trial confirmation hearing and trial dates with the reasons set forth below for the continuance and proposed exclusion of time under the Speedy Trial Act supersede the Court's May 24, 2018 Minute Order setting trial dates.

7. The parties agree and stipulate, and request that the Court find the following:

   a) Defense counsel is involved in multiple in-court and out-of-court commitments that will affect defense counsel's ability to reasonably prepare for trial, taking into account the exercise of due diligence. These commitments include court hearings, discovery review, and sentencings and investigations in multiple cases in both federal and state court. Defense counsel is also unavailable in September and October of 2018 due to previously scheduled personal commitments that cannot be re-scheduled. This continuance will allow for the continuity of defendant's counsel, who previously reviewed the discovery in this case and has engaged in extensive trial preparation.

   b) Defense counsel is a solo practitioner. He requires additional time to undertake the tasks set forth below, and otherwise prepare for trial, taking into account the exercise of due diligence.

   c) The parties agree that this case presents unusually complex factual issues

involving approximately 10 years of what the government alleges are relevant conduct and events, multiple businesses, multiple accountants, and related records, several years of tax filings, and a multi-year tax audit during which the defendant was represented by separate counsel. The complexity of the facts requires substantial time to properly analyze, review relevant documents, interview witnesses, and otherwise prepare for trial. The parties further agree that this case presents complex legal issues that require substantial time to analyze, research, and address adequately in preparation for trial.

d) To date, the government has produced over 55,000 pages of discovery in this case, including investigative reports and related documents, tax filings, accounting and banking records, email correspondence, and other records. Pursuant to ongoing investigation and trial preparation, approximately 30 pages of newly available documents have been produced to defense counsel in the past month. Defense counsel desires additional time to review and analyze this discovery, conduct legal and factual research and investigation related to its contents, and otherwise prepare for trial.

e) Following the June 7, 2018 hearing, where the government highlighted its view of the timeframe and scope of relevant conduct in this case, defense counsel now requires additional time to undertake further analysis and investigation. Specifically, defense counsel needs additional time to further review the approximately 55,000 pages of discovery for conduct dating back to 2003. In addition, the 30 pages of newly produced discovery by the government has led defense counsel to new avenues of investigation into potential theories to be pursued by the government at trial, which must be investigated.

f) Defense counsel also requires additional time to potentially retain a lawyer with jury selection experience for the defense team for trial, and defense counsel needs additional time to work with that lawyer to prepare him for trial.

g) Defense counsel recently received additional discovery from a third party associated with this case, in response to a subpoena for documents issued by the defendant. Defense counsel requires additional time to review and analyze discovery provided by the third party, conduct legal and factual research and investigation related to its contents, and otherwise

prepare for trial.

    h)      Defense counsel also requires additional time to pursue and interview a critical witness that was previously unavailable to the defense. Defense counsel has represented that events since the June 7, 2018 hearing on the government's Motion for Reconsideration have created a possible opportunity for defense counsel to interview this witness that did not before exist. Such an interview would likely prompt additional areas of analysis, research and investigation, which will take time to undertake.

    i)      Counsel for defendant also requires additional time to research potential defenses and prepare pretrial motions, consult with his client, and prepare an expert witness, among others, for testimony at trial. In particular, the defense needs additional time to investigate and research a possible motion to dismiss for pre-indictment delay, as well as investigate potential evidence under Federal Rule of Evidence 404(b) associated with conduct dating back to 2003, and to prepare a motion *in limine* if necessary to preclude the introduction of such evidence.

    j)      Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

    k)      The government does not object to the continuance. The government further stipulates that if this proposed order for continuance and exclusion of time is adopted and entered, the government will not move to advance the trial to a date before January 7, 2019.

    l)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

    m)      For the purpose of computing time within which trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.*, the time period of June 21, 2018 to November or 8, 2018 inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(ii) and B(iv) [Local Codes T2 and T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

8. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  June 21, 2018

McGREGOR W. SCOTT
United States Attorney

/s/ *MICHAEL M. BECKWITH*
MICHAEL M. BECKWITH
Assistant United States Attorney

Dated:  June 21, 2018

/s/ *PATRICK K. HANLY*
PATRICK K. HANLY
Counsel for Defendant
Stephen J. Dougan

**ORDER**

The Court, having read and considered the parties' Stipulation, which this Court incorporates by reference to this Order in full, hereby finds and orders the following:

1. A jury trial in this matter is set to begin on January 7, 2019;

2. A trial confirmation hearing is set for November 8, 2018 at 10:00 a.m.;

3. In consideration of the reasons set forth in the parties' Stipulation, the Court finds that the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act, and time between June 21, 2018 and November 8, 2018 is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(ii) and B(iv) [Local Codes T2 and T4].

4. This Order of a continuance and exclusion supersedes the Court's May 24, 2018 Minute Order.

IT IS SO ORDERED.

Dated: June 28, 2018

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE